MEMORANDUM OPINION
{¶ 1} On June 27, 2008, appellant, pro se, filed a motion for leave to file a delayed appeal, pursuant to App. R. 5(A). Appellant appeals from his judgment of conviction and sentence issued by the trial court on April 26, 2006, in which he entered a plea of guilty to the charges of Aggravated Murder (counts one and four); Kidnapping (count eight); and Aggravated Kidnapping (count twelve). All three charges included firearm specifications. The trial court sentenced him to serve life in prison under each count. *Page 2 
 {¶ 2} Appellant's notice of appeal and motion for delayed appeal were filed over two years after the April 26, 2006 judgment was entered by the trial court.
 {¶ 3} Appellee, the state of Ohio, filed its response in opposition to the motion on August 12, 2008, along with a motion for leave to file the response instanter.
 {¶ 4} App. R. 5(A)(1) provides, in relevant part, "[a]fter the expiration of the thirty day period provided by App. R. 4(A) for the filing of a notice of appeal as of right, an appeal may be taken by a defendant with leave of the court to which the appeal is taken in * * * [criminal proceedings[.]" App. R. 5(A)(2) states that "[a] motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right."
 {¶ 5} In his motion, appellant asserts the following as his reasons for failing to perfect a timely appeal: 1) the trial court failed to inform him of his appellate rights; therefore, his due process rights were violated; 2) when entering his guilty plea, appellant acted under the influence of sudden passion and a fit of rage and he should have been allowed to withdraw his guilty plea; 3) he is a first-time offender and lacks competence regarding court rules and procedures; 4) he did not knowingly and intelligently waive his right to direct appeal.
 {¶ 6} Given that over two years elapsed between the time of appellant's conviction and sentence until the filing of his motion for delayed appeal, it is evident that appellant was not diligent in taking the proper steps to protect his own rights. In addition, appellant has not offered reasons to justify a delay of over two years in initiating his appeal.
 {¶ 7} Accordingly, it is ordered that appellant's motion for leave to file a delayed appeal is hereby overruled. *Page 3 
 {¶ 8} Appeal dismissed.
MARY JANE TRAPP, J., concurs,
COLLEEN MARY OTOOLE, J., dissents with a Dissenting Opinion.